**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

------------------------------------------------------------------x

RAJAT KUMAR,
*on behalf of himself and others similarly situated,*

          Plaintiff,  Case No. 23-cv-02581

      v.  **COLLECTIVE & CLASS
ACTION COMPLAINT**

EAGLE TRUCKLINE LLC,
SIMAR GILL, and  Jury Trial Demanded
GURKIRAT GILL,

         Defendants.

------------------------------------------------------------------x

  Plaintiff RAJAT KUMAR (hereinafter referred to as "Plaintiff" or "KUMAR"), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants EAGLE TRUCKLINE LLC ("Corporate Defendant"), SIMAR GILL and GURKIRAT GILL (Individual Defendants hereinafter collectively with Corporate Defendant, "Defendants"), and alleges as follows:

## INTRODUCTION

  1. KUMAR brings this action on behalf of himself and others similarly situated employees against Defendants for violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* and New Jersey Wage and Hour Law ("NJWHL"), NJSA § 34:11-56 *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL") respectively arising from Defendants' various willful and unlawful employment policies, patterns and practices.

  2. Plaintiff brings this action on behalf of himself, and all similarly situated current and former truck drivers and helpers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA, NJWHL, and NJWPL that occurred at Defendants' business.

3. KUMAR alleges under the FLSA that he is entitled to recover from Defendants: (1) unpaid earned wages, (2) unpaid overtime wages (3) liquidated damages, (4) post-judgment interest, and (5) attorneys' fees and costs.

4. KUMAR alleges under the NJWHL that he is entitled to recover from Defendants: (1) unpaid overtime wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest and (4) attorneys' fees and costs.

5. KUMAR alleges under the NJWPL that he is entitled to recover from the Defendants: (1) unpaid earned wages, (2) liquidated damages, (3) pre-judgment and post-judgment interest and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

6. This Court has subject-matter jurisdiction over this controversy under Section 216(b) of the FLSA and Section 1331 of Title 28 of the United States Code.

7. This Court has supplemental jurisdiction over KUMAR's state-law claims under Section 1367, Subsection (a) of Title 28 of the United States Code.

8. Venue is proper in the United States District Court for the District of New Jersey pursuant to Section 1391, Subsections (b) and (c) of Title 28 of the United States Code, because Defendants conduct business in the State of New Jersey, and the acts and omissions giving rise to the claims alleged herein took place within the District of New Jersey.

## PLAINTIFF

9. KUMAR was employed by Defendants at all times within the applicable statutes of limitations between about February 6, 2022, and about July 15, 2022, to work as a truck driver for Eagle Truckline LLC.

## DEFENDANTS

*Corporate Defendant*

10. EAGLE TRUCKLINE LLC was, throughout the period relevant to this lawsuit, and remains, a foreign business corporation with a registered address at 2145 Princess Drive, Beavercreek, OH 45434 and principal place of business in Cherry Hill, NJ.

11. EAGLE TRUCKLINE LLC was, throughout the period relevant to this lawsuit, a business with a gross annual revenue in excess of $500,000.00 per year. Further, it employs a staff of approximately 26 employees at any one time.

12. EAGLE TRUCKLINE LLC was, throughout the period relevant to this lawsuit, was a business engaged in "interestate commerce" within the meaning of the FLSA.

*Individual Defendants*

13. SIMAR GILL was, throughout the period relevant to this lawsuit, a member of EAGLE TRUCKLINE LLC.

14. Throughout the period relevant to this lawsuit, SIMAR GILL possessed the power to hire and fire employees of EAGLE TRUCKLINE LLC, supervised and controlled the employee work schedules and conditions of employment at EAGLE TRUCKLINE LLC, determined employee pay rates at EAGLE TRUCKLINE LLC, and was responsible for keeping and maintaining records for EAGLE TRUCKLINE LLC.

15. In particular, SIMAR GILL set KUMAR's and the other employees' work schedules, gave KUMAR and the other employees their assigned loads, routes, and destinations, helped to prepare the payroll, and from time to time gave KUMAR and other employees their pay.

16. SIMAR GILL acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NJWHL and is jointly and severally liable for EAGLE TRUCKLINE LLC.

17. GURKIRAT GILL was, throughout the period relevant to this lawsuit, a member of

EAGLE TRUCKLINE LLC.

18. Throughout the period relevant to this lawsuit, GURKIRAT GILL possessed the power to hire and fire employees of EAGLE TRUCKLINE LLC, supervised and controlled the employee work schedules and conditions of employment at EAGLE TRUCKLINE LLC, determined employee pay rates at EAGLE TRUCKLINE LLC, and was responsible for keeping and maintaining records for EAGLE TRUCKLINE LLC.

19. In particular, GURKIRAT GILL helped to prepare the payroll and from time to time gave KUMAR and other employees their pay.

20. GURKIRAT GILL acted willfully, intentionally, and maliciously and is an employer within the meaning of the FLSA and NJWHL and is jointly and severally liable for EAGLE TRUCKLINE LLC.

## STATEMENT OF FACTS

21. KUMAR was employed by Defendants as a truck driver from on or about February 6, 2022, through on or about July 15, 2022.

22. KUMAR, and other employees of Defendants, would receive their assigned loads, routes, pickup locations, and drop-off locations from Defendants.

23. KUMAR was typically assigned to drive loads from Cherry Hill, NJ to Dallas, TX, and back.

24. KUMAR typically spent between five (5) and seven (7) days each week, on average six (6) days per week, driving this route.

25. KUMAR typically spent about eleven (11) hours per day driving.

26. KUMAR typically drove between about seven hundred (700) and eight hundred (800) miles per day.

27. Accordingly, KUMAR estimates that he spent about sixty-six (66) hours per week,

driving about four thousand five hundred (4,500) miles for Defendants.

28. Throughout KUMAR's employment, Defendants did not provide him any of the documents required by NJWPL § 34:11-4.6, including a time-of-hire notice of KUMAR's regular pay rate and payday, or statements of gross wages, net wages, rate of pay, number of hours, or deductions from wages.

29. Defendants promised to pay KUMAR sixty-five cents ($0.65) per mile. For a 4,500-mile week, that amounts to $2,925.00 per week.

30. However, over the course of his employment, Defendants never paid him overtime for the hours that he worked more than eight (8) hours per day. Plaintiff KUMAR received a check in the amount of $5,000.00, on March 14, 2022.

31. This check nor any other previous checks did not reflect, in a memo, paystub, or otherwise, the pay period. However, if it was intended to pay for the 5.29-week period February 6 – March 14, 2022, this amounts to $945.95 per week, far less than what KUMAR would have earned for driving 4,500 miles per week.

32. KUMAR's pay of $5,000.00 did not include pay for time-and-a-half.

33. Besides, unpaid overtime wages from the beginning of his employment with the Defendants. KUMAR was also not paid for any of his work that he did for the last four weeks of his employment with the Defendants.

34. Defendants committed the foregoing acts knowingly, willfully and maliciously, against KUMAR, the collective and the class.

35. Plaintiff has fulfilled all conditions precedent, or such conditions have been waived.

**COLLECTIVE ALLEGATIONS**

36. KUMAR brings his FLSA claims individually and on behalf of other current and

former non-exempt workers employed by Defendants over the three years preceding the filing of this Complaint, through the entry of judgement in this case (the "Collective").

## CLASS ALLEGATIONS

37. Plaintiff brings his NJWHL and NJWPL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all non-exempt personnel employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

38. All said persons, including Plaintiff, are referred to herein as the "Class."

39. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

40. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

*Commonality*

41. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a.    Whether Defendant employed Plaintiff and the Class within the meaning

of the NJWHL and/or NJWPL;

b. Whether Plaintiff and Class members are entitled to and paid overtime at one and one-half times their regular hourly wage under the NJWHL;

c. Whether Plaintiff and Class members were paid all their wages timely under the NJWPL; and

d. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

*Typicality*

42. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

43. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

44. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where

individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

45. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Wage and Hour Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these

risks.

## STATEMENT OF CLAIMS

### COUNT I.
### Violation of 29 U.S.C. § 206(a)—Failure to Pay Minimum Wage
### Brought on Behalf of the Plaintiff and the Collective

46. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

47. Section 206, Subsection (a) of the FLSA provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at… $7.25 an hour, beginning 24 months after [the] 60th day [after May 25, 2007]."

48. KUMAR was paid nothing for his labor from about June 19, 2022 through July 15, 2022.

49. Accordingly, KUMAR was not paid the federal minimum wage from about June 19, 2022 through July 15, 2022.

50. Section 216 of the FLSA provides that "[a]ny employer who violates the provisions of section 206… of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages… and in an additional equal amount as liquidated damages," and further provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."

51. Defendants knowingly, willfully and maliciously disregarded the provisions of the FLSA by failing to pay Rajat overtime.

## COUNT II.
**Violation of N.J.S.A. § 34:11-56a4(5)(a)—Failure to Pay Minimum Wage**
**Brought on Behalf of the Plaintiff and the Class**

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. Section 34:11-56a.4(5)(a) of the NJWHL provides that "each employer shall pay to each of his employees wages at a rate of not less than $8.85 per hour as of January 1, 2019 and…: on July 1, 2019, the minimum wage shall be $10.00 per hour; on January 1, 2020, the minimum wage shall be $11.00 per hour; and on January 1 of each year from 2021 to 2024, inclusive, the minimum wage shall be increased from the rate of the preceding year by $1.00 per hour."

54. The New Jersey minimum wage in 2022 was $13.00 per hour.

55. KUMAR was paid nothing for his labor from about June 19, 2022 through July 15, 2022.

56. Accordingly, KUMAR was not paid the New Jersey minimum wage from June 19, 2022 through July 15, 2022.

57. Section 34:11-56a25 of the NJWHL provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which such employee is entitled under the provisions of [Section 34:11-56a *et seq.*]… the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer… and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wages… plus costs and reasonable attorney's fees as determined by the court."

58. Defendants knowingly, willfully, and maliciously disregarded the provisions of the NJWHL by failing to pay KUMAR at least the minimum wage.

## COUNT III.
### Violation of NJWHL §§34:11-56a—Failure to Pay Overtime
### Brought on Behalf of the Plaintiff and the Class

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. Section 34:11-56a4.5.b(1) of the New Jersey Statutes provides that "[a]n employer shall [] pay each employee not less than 1 1/2 times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

61. Throughout, KUMAR's employment with the Defendants, he was paid wages that did not include pay for overtime at a rate of one and one-half times his regular rate.

62. KUMAR was paid nothing for his labor from about June 19, 2022 through July 15, 2022.

63. Accordingly, KUMAR was not paid one and one-half times the New Jersey minimum wage from May 15, 2022 through July 15, 2022.

64. Section 34:11-56a25.26 of the New Jersey Statutes provides that "[i]f any employee is paid by an employer less than the minimum fair wage to which the employee is entitled under the provisions of P.L.1966, c.113 (C.34:11-56a *et seq.*)…, the employee may recover in a civil action the full amount of that minimum wage less any amount actually paid to him or her by the employer…, and an additional amount equal to not more than 200 percent of the amount of the unpaid minimum wage [] as liquidated damages, plus costs and reasonable attorney's fees as determined by the court."

65. Defendants knowingly, willfully and maliciously disregarded the provisions of the NJWHL by failing to pay KUMAR overtime.

## COUNT III
### Violation of NJWPL § 34:11-4.2—Failure to Pay Earned Wages
### Brought on Behalf of the Plaintiff and the Collective

66. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

67. NJWPL § 34:11-4.2 provides that "every employer shall pay the full amount of wages due to his employees at least twice during each calendar month, on regular pay days designated in advance by the employer."

68. KUMAR was only paid until about June 18, 2022 without any overtime wages.

69. Defendants have failed to pay all of KUMAR's wages earned after about June 18, 2022 through July 15, 2022.

70. NJWPL § 34:11-4.10(c) provides that "[i]f any employer fails to pay the full amount of wages to an employee agreed to or required by, or in the manner required by, the provisions of article 1 of chapter 11 of Title 34 of the Revised Statutes and all acts supplementing that article (R.S.34:11-2 *et al.*), the employee may recover in a civil action the full amount of any wages due, … plus an amount of liquidated damages equal to not more than 200 percent of the wages lost or of the wages due, together with costs and reasonable attorney's fees as are allowed by the court."

71. Defendant's action in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief and were in violation of the NJWPL § 34:11-4.10. Plaintiff is entitled to full payment for all wages due to him that were not paid.

72. As a result of Defendants' NJWPL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NJWPL's wage payment provisions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of Collective and Class Members, respectfully requests that this Court enter a judgment providing the following relief:

A.      At the earliest practicable time giving notice of this collective action, or authorizing Plaintiff to give notice of this collective action, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of the notice's issuance, been employed by Defendants as non-exempt workers. Such notice shall inform such employees that this lawsuit has been filed, of the nature of this lawsuit, and of their right to join this lawsuit if they believe they were denied minimum wage or overtime pay;

B.      A declaratory judgment that the practices complained of herein are unlawful under FLSA, NJWHL, and NJWPL;

C.      An injunction against Corporate Defendant, its owners, officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by law, including but not limited to the Individual Defendants, from engaging in each of the unlawful practices and policies set forth herein;

D.      An award of unpaid minimum wages, and liquidated damages equal to unpaid minimum wages, due to Plaintiff and any opt-ins under FLSA;

E.      An award of minimum wages, unpaid overtime, and unpaid wages, and liquidated damages equal to two times the unpaid minimum wages, unpaid overtime, and unpaid wages, due to Plaintiff and the Class under NJWHL, and NJWPL;

F.      An award of pre-judgment interest on damages under the NJWHL at the rate set forth by Rule 4:42-11(b) of the Rules Governing the Courts of the State of New Jersey;

G.      An award of post-judgment interest on damages under the NJWHL at the rate set forth by Rule 4:42-11(a)(ii) of the Rules Governing the Courts of the State of New Jersey;

  H.  An award of reasonable attorneys' fees and costs; and

  I.  Any such other and further legal or equitable relief as the Court may deem necessary, just, and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) and 38(c) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury on all questions of facts.

Dated: May 11, 2023
    Flushing, New York

                 TROY LAW, PLLC
                 *Attorneys for Plaintiff and propoesd Collective and Class*

                 */s/ Aaron B. Schweitzer*
                 Aaron B. Schweitzer
                 41-25 Kissena Boulevard
                 Suite 103
                 Flushing, NY 11355
                 (718) 762-1324
                 troylaw@troypllc.com