<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| RAJAT KUMAR,<br><br>        Plaintiff,<br><br>        v.<br><br>EAGLE TRUCKLINES LLC, SIMAR GILL, and GURKIRAT GILL,<br><br>        Defendants. | HONORABLE KAREN M. WILLIAMS<br><br>Civil Action<br><br>No. 23-2581 (KMW-MJS)<br><br>**OPINION** |

APPEARANCES:

AARON B. SCHWEITZER, ESQUIRE
TROY LAW, PLLC
41-25 KISSENA BLVD., SUITE 103
FLUSHING, NY 11355

        *Counsel for Plaintiff Rajat Kumar*

ROY H. GORDON, ESQUIRE
GORDON AND LOWMAN
212 W. ROUTE 38, SUITE 700
MOORESTOWN, NJ 08057

        *Counsel for Defendants Eagle Trucklines LLC, Simar Gill, and Gurkirat Gill*

**WILLIAMS, District Judge:**

**I.    INTRODUCTION**

      This matter comes before this Court on Plaintiff Rajat Kumar's ("Plaintiff") Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members pursuant to 29 U.S.C. § 216(b). (ECF No. 32). Plaintiff asserts that Defendants Eagle Trucklines LLC, Simar Gill, and Gurkirat Gill (collectively, "Defendants") have violated the Fair Labor Standards Act ("FLSA") by paying below the applicable minimum wage and denying overtime

compensation. For the reasons that follow, the Court will **DENY** Plaintiff's Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members, (ECF No. 32), subject to the Court's discretion regarding notice.

## II.  BACKGROUND

Plaintiff worked as a truck driver for Defendant Eagle Trucklines LLC from about June 13, 2022 to October 31, 2022. (ECF No. 34 at 5). Plaintiff's primary obligation as a truck driver was to pick up and drop off loads from different locations. (*Id.*) Plaintiff was compensated at a flat rate of sixty-five cents ($0.65) per mile. (*Id.*; ECF No. 36 at 5).

Plaintiff, individually and on behalf of those similarly situated, filed his Complaint on May 11, 2023, alleging violations of the FLSA, New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56 *et seq.*, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4 *et seq.* by Defendants.[1] Plaintiff asserts that Defendants engage in "willful and unlawful employment policies, patterns and practices" by "failing to pay overtime compensation" to Plaintiff and the putative class members.[2] (ECF No. 1 at ¶¶ 1, 42; *see also* ECF No. 34 at 10-11).

On May 4, 2024, Plaintiff filed the instant motion to have this Court conditionally certify a class for collective action pursuant to 29 U.S.C. § 216(b). (ECF No. 32). Plaintiff alleges that he and two other truck drivers employed by Defendants—"Tony" and "Sukh"—"were not paid any overtime rate for the hours they worked past the fortieth (40th) hour," and as such the other

---

[1] Defendants deny Plaintiff's allegation that Defendants Simar Gill and Gurkirat Gill are members of Defendant Eagle Trucklines LLC, but instead contend that they are managers. (ECF No. 22 at 3, ¶¶ 13, 17; *see* ECF No. 1 at 3).

[2] While Plaintiff alleges that he was not paid minimum wage and denied compensation for the last three weeks of his employment, with respect to the other members of the putative class, the only common injury Plaintiff's Complaint alleges is that they were not paid overtime. (ECF No. 1 at 7, ¶ 42; *see generally* ECF No. 1).

2

employees of Defendants are all similarly situated sufficiently to meet the "lenient evidentiary standard" for conditional certification for a collective action. (ECF No. 34 at 10-11). Plaintiff further requests that the Court allow for a 90-day notice period; permit Plaintiff to engage in preliminary discovery to assist in the notification process to permit Plaintiff to notify potential class participants by mail, email, text messaging, and social media; and equitably toll the statute of limitations for potential class members. (*Id.* at 11-17).

Defendants filed an opposition to this motion on June 10, 2024, (ECF No. 36), arguing that Plaintiff failed to meet the burden required to certify a collective action because: (1) Plaintiff was an independent contractor, to whom the FLSA does not apply; (2) Plaintiff has not demonstrated that there exist other similarly situated members of the putative class who desire to opt-in; and (3) the proposed class is too broad. (*Id.* at 6-17). Defendants also argue that Plaintiff's proposed notice and related procedures are defective because: (1) employees who were not truck drivers should not receive notice; (2) the proposed notice is deficient because it does not inform class members of their discovery obligations nor inform them of Plaintiff's role and rights as the lead Plaintiff; (3) dissemination of notice by social media and text message is improper absent a showing that first class mail is insufficient; and (4) Plaintiff's bare assertions do not satisfy his burden to demonstrate that equitable tolling of the statute of limitations is warranted. (*Id.* at 17-21).

Plaintiff filed his reply on June 19, 2024, asserting that there is a common FLSA among similarly situated employees of Defendants; that it is premature for the Court to determine whether Plaintiff was an employee or independent contractor under the FLSA until more discovery has been conducted; and that Plaintiff was not an independent contractor under the FLSA or the

3

NJWHL. (ECF No. 37 at 4-12). Plaintiff further reasserted his position on notifying the potential collective class and equitably tolling of the statute of limitations. (*Id.* at 12-16).

### III.  **LEGAL STANDARD**

The Fair Labor Standards Act ("FLSA") provides an avenue for individuals to bring a private cause of action on their own behalf or on behalf of other employees similarly situated for specific violations of the FLSA, such as a federal minimum wage, maximum-hour, and overtime guarantees that "cannot be modified by contract." *See Fogg v. Clean Harbors Env't Servs.*, No. 21-7626, 2023 WL 1794836, at *2 (D.N.J. Feb. 7, 2023) (citing *Reinig v. RBS Citizens, N.A.*, 912 F.3d 115, 123 n.1 (3d Cir. 2018). 29 U.S.C. § 216(b) provides in pertinent part that:

> Any employer who violates the provisions of section 6 [minimum wage] or section 7 [overtime] of this Act [29 USCS § 206 or 207] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . An action to receive the liability prescribed in the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

For employees to be found "similarly situated," by a court, the members of a collective action must be subject to some common employer practice that, if proved, would help demonstrate a violation of the FLSA. *Zavala v. Wal Mart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012). There are several relevant factors that courts may consider in finding a group of employees "similarly situated," for example: whether plaintiffs are employed in the same corporate department, division, and location, whether they advance similar claims, whether they seek substantially the

4

same form of relief, and whether they have similar salaries and circumstances of employment. *See Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F.Supp.3d 567, 570 (D.N.J. 2014) (quoting *Zavala*, 691 F.3d at 536-37).

The Third Circuit follows a two-step process for deciding whether an action may proceed as a collective action under the FLSA. *See Camesi v. Univ. of Pittsburg Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) (citing *Zavala*, 691 F.3d at 535). "Articulating the differences [between the] two stages of the collective action certification analysis, the Third Circuit has explained that the initial step of conditional certification asks whether similarly situated plaintiffs do, in fact, exist; by contrast, the second stage asks whether the specific plaintiffs who have opted-in are, in fact, similarly situated to the named plaintiffs." *Hodzic v. Fedex Package Sys., Inc.*, No. 15-956, 2016 WL 6248078 at *5 (W.D. Pa. Oct. 26, 2016) (citing *Zavala*, 691 F.3d at 536 n.4).

First, the court makes a preliminary determination as to whether the plaintiffs have made the required showing that the employees identified in their complaint are similarly situated. *See Camesi*, 729 F.3d at 243 (citing *Zavala*, 691 F.3d at 535). The standard is a "fairly lenient" one and plaintiffs need only make a "modest factual showing." *Id*. A modest factual showing is "something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *See Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 (3d Cir. 2016). "A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification." *Pearsall-Dineen*, 27 F. Supp. 3d at 570.

5

The second step follows after "the benefit of discovery" where the court is to make a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiffs—which carries a heavier burden (a "more likely than not" standard) before the case may proceed on the merits. *Camesi*, 729 F.3d at 243.

The grant of conditional certification is one grounded in this Court's discretionary power. *See Hoffman-La Roche v. Sperling*, 493 U.S. 165, 169-170 (1989). At the conditional certification phase, once a court has determined that the plaintiffs have met their burden, whereby plaintiffs successfully produce some evidence of similarly situated employees, notice of the suit is sent to this class of employees and thus they may join the action by providing their consent. *See Fogg*, 2023 WL 1794836, at *2 (citing *Camesi*, 729 F.3d at 242-43). "Conditional certification, therefore, is not a true certification, but rather an exercise of a district court's discretionary authority to oversee and facilitate the notice process." *See Halle*, 842 F.3d at 224 (citing *Zavala*, 691 F.3d at 536).

Notice serves to ensure that employees receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffman-La Roche*, 493 U.S. at 170. While the parties can propose and contest such notices, the notice ultimately sent to potential collective action members must be reviewed and approved by the court. *See Halle*, 842 F.3d at 224. District courts may "regulate their practice [of facilitating notice] in any manner not inconsistent with federal or local rules." *Hoffman-La Roche*, 493 U.S. at 172.

## IV. DISCUSSION

### A. Plaintiff's Employment Classification

Defendants argue that the Court should deny the instant motion because Plaintiff is not an employee but an independent contractor, and thus not subject to the protections of the FLSA, NJWPL, and NJWHL. (ECF No. 36 at 9-14). Plaintiff argues that he is not required to definitively establish his employment classification to prevail on the instant motion, as additional discovery is needed with respect to this inquiry.[3] (ECF No. 37 at 6-7).

#### *i. FLSA Employment Classification*

While "Plaintiff must ultimately show that all members of the class are all employees covered by the FLSA," Defendants cite to no authority wherein a district court conclusively determined that a plaintiff was not an employee on a motion for conditional certification. *See Adami v. Cardo Windows, Inc.*, No. 12-2804 (JBS/JS), 2016 WL 1241798, at *6 (D.N.J. Mar. 30, 2016). "In the context of a motion for [final] certification of a collective action, the Court must determine whether the proof to demonstrate that individuals are employees rather than independent contractors can be applied to collective action members as a whole." *Id.*

The FLSA defines "employee" as "any individual employed by an employer." *Id.* (citing 29 U.S.C. § 203(e)(1)). The Third Circuit has established a six-factor test to determine whether a worker is an "employee" or an "independent contractor" under the FLSA. *Martin v. Selker Bros.*, 949 F.2d 1286, 1292 (3d Cir. 1991). Those factors are: (1) the degree of the alleged employer's right to control the manner in which the work is to be performed; (2) the alleged employee's

---

[3] Plaintiff does not identify what specific additional information is unknown to Plaintiff and required to determine his employment classification. (*See* ECF No. 37 at 6-7).

7

opportunity for profit or loss depending upon [his] managerial skill; (3) the alleged employee's investment in equipment or materials required for [his] task, or [his] employment of helpers; (4) whether the service rendered requires a special skill; (5) the degree of permanence of the working relationship; [and] (6) whether the service rendered is an integral part of the alleged employer's business. *Id.* (citing *Donovan v. DialAmerica Mktg., Inc.*, 757 F.2d 1376, 1379 (3d Cir. 1985)). No one factor is dispositive. *Id.* Rather, a court should consider them together in the "circumstances of the whole activity" to determine whether the worker is "dependent upon the business to which [she] render[s] service" or is, "as a matter of economic reality," operating an independent business. *Id.* at 1293 (quoting *DialAmerica*, 757 F.2d at 1382 (internal quotation omitted)).

In *Luxama v. Ironbound Exp., Inc.*, No. CIV.A. 11-2224 ES, 2012 WL 5973277, at *6 (D.N.J. June 28, 2012), the Court applied the "economic realities" test to determine whether the truck driver-plaintiffs were classified as "employees" for FLSA purposes.[4] The Court found that the third factor weighed against finding an employer-employee relationship because the defendant did not provide the plaintiffs with the equipment needed to haul their cargo, but the plaintiffs instead entered formal agreements to lease the trucks to their own trucking companies. *Id.* The Court also found that the sixth factor weighed toward finding an employer-employee relationship because the plaintiff-truck driver's work constituted an essential part of the defendant-cargo transporter's business. *See id.* at *6.

As previously noted, at the conditional certification stage, Plaintiff must make only a "modest factual showing" that he is entitled to conditional certification. *See Camesi*, 729 F.3d at

---

[4] The procedural posture in *Luxama* is distinguishable to the instant motion, as the Court analyzed the issue in the context of a motion to dismiss an FLSA complaint, rather than a motion for conditional certification as here.

8

243. While the parties raise various arguments as to why the Court should find that Plaintiff is an employee or independent contractor, there is no dispute that Plaintiff performed deliveries for Defendants. (*See* ECF No. 36 at 5-6, 10-12). Plaintiff asserts that Defendants owned the truck that he drove to perform these services, (ECF No. 37 at 9), and Defendants do not dispute this. (*See* ECF No. 36 at 11). Unlike *Luxama*, the parties do not allege that Plaintiff leased the trucks from Defendants. *See Luxama*, 2012 WL 5973277, at *6. Moreover, as Defendants are in the trucking business, the Court finds that Plaintiff's services were likely an integral part of Defendants' business. *Id.*

As a "full evaluation of the merits is not appropriate at this stage," the Court agrees with Plaintiff that it need not determine whether Plaintiff is properly classified as an employee of Defendants in deciding the instant motion. *Adami*, 2016 WL 1241798, at *6 (decertifying collective action based on finding that the plaintiffs were independent contractors, following initial grant of conditional certification on same question when applying lenient evidentiary standard applicable at first stage); (*see* ECF No. 37 at 7). Applying the "lenient evidentiary standard" applicable to the instant motion, the Court finds that Plaintiff has made a "modest factual showing" that there is at least some evidence of an employer-employee relationship between Plaintiff and Defendants for purposes of the FLSA. *See id.*; *Camesi*, 729 F.3d at 243.

Accordingly, the Court will not deny Plaintiff's Motion for Conditional Certification on the basis of his employment classification pursuant to the FLSA.

9

### *ii. NJWPL and NJWHL Employment Classification*

The Court reaches the same conclusion with respect to Plaintiff's employment classification for purposes of his NJWPL and NJWHL claims. Under both statutes, New Jersey courts have adopted the "ABC" test for determining employment classification. *Hargrove v. Sleepy's, LLC*, 220 N.J. 289, 305 (2015). "The 'ABC' test presumes an individual is an employee unless the employer can make certain showings regarding the individual employed," *id.*, including that:

> (A) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and
>
> (B) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprise for which such service is performed; and
>
> (C) Such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.* (citing N.J.S.A. 43:21-19(i)(6)).

"[T]he failure to satisfy any one of the three criteria results in an 'employment' classification." *Id.* (*quoting Carpet Remnant Warehouse, Inc. v. N.J. Dep't of Labor*, 125 N.J. 567, 581 (1991)). "In order to satisfy part A of the 'ABC' test, the employer must show that it neither exercised control over the worker, nor had the ability to exercise control in terms of the completion of the work." *Id.* Here, Plaintiff has made a "modest factual showing" that Defendants exercised control over him because he allegedly received delivery assignments and his schedule from Defendants, used Defendants' truck to make deliveries exclusively for Defendants, to locations determined by Defendants, and carried out Defendants' orders. (ECF No. 37 at 11). In light of the "lenient evidentiary standard" applicable to the instant motion and considering the presumption of

employment classification pursuant to the "ABC" test, the Court finds that Plaintiff has made a "modest factual showing" that there is at least some evidence of an employer-employee relationship between Plaintiff and Defendants for purposes of the NJWPL and NJWHL. *See Hargrove*, 220 N.J. at 305 (2015); *Adami*, 2016 WL 1241798, at *6; *Camesi*, 729 F.3d at 243.

Accordingly, the Court will not deny Plaintiff's Motion for Conditional Certification on the basis of his employment classification pursuant to the NJWPL and NJWHL.

## B. Similarly Situated Determination

Having rejected Defendants' argument that Plaintiff's employment classification precludes him from obtaining conditional certification pursuant to 29 U.S.C. § 216(b), the instant motion brings the Court to the first step to determine whether similarly situated plaintiffs do, in fact, exist in relation to Defendants' alleged violations of the FLSA, NJWPL and NJWHL.

Because typically there is little discovery at the time courts consider conditional certification, courts usually examine the pleadings and affidavits in support of or in opposition to the proposed collective action and determine whether members are "similarly situated." *Krstic*, 2010 WL 395953 at *1 (citing *Masson v. Ecolab, Inc.*, No. 04-4488, 2005 WL 2000133 at *13 (S.D.N.Y. Aug. 17, 2005). To grant a motion for conditional certification pursuant to the FLSA, "the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are 'similarly situated.'" *Chemi v. Champion Mortg.*, No. 05-CV-1238 WHW, 2006 WL 7353427, at *3 (D.N.J. June 21, 2006) (quoting *Dybach v. Florida Dep't of Corr.*, 942 F.2d 1562, 1567 (11th Cir. 1991)); *see also Ritzer v. UBS Fin. Servs., Inc.*, No. CIV.A 2:08-CV-01235(, 2008 WL 4372784, at *4 (D.N.J. Sept. 22, 2008) (same). "A plaintiff's or counsel's belief in the existence of other employees who desire to opt in and 'unsupported expectations that additional

11

plaintiffs will subsequently come forward are insufficient to justify' certification of a collective action and notice to a potential class" and "a showing of similarity requires more than unsupported and generalized allegations." *Chemi*, 2006 WL 7353427, at *5 (quoting *Rodgers v. CVS Pharmacy, Inc.*, WL 752831, at *3, 5 (M.D. Fla. Mar. 22, 2006)).

Here, Plaintiff does not allege that there exist other putative plaintiffs who desire to opt-in to the potential class if his Motion is granted. Plaintiff has not submitted any affidavits from putative class members to satisfy this requirement. *See id.* Plaintiff makes no arguments in his reply brief nor cites to any legal authority to rebut Defendant's contention that his Motion should be denied because Plaintiff has not demonstrated the existence of other putative class members who desire to opt in. (*See generally* ECF No. 37); *see Chemi*, 2006 WL 7353427, at *5.

Moreover, Plaintiff acknowledges in his reply brief that he "does not outright say how many hours the other co-workers that he lists work," but instead asks the Court to extrapolate from "about" the number of *miles* that the other drives "usually" drove to conclude that they drove over 40 hours per week without receiving overtime pay. (*See* ECF No. 33-4 at 2-3; ECF No. 37 at 5-6). Plaintiff does not submit sworn affidavits from the other two drivers, Tony and Sukh, indicating that they were denied overtime compensation. (*See generally* ECF No. 33-4). Nor does Plaintiff himself, in his own affidavit, state that these individuals worked over 40 hours in a given week so as to be entitled to overtime compensation. (*Id.*) Plaintiff's "unsupported and generalized allegations" that these two other drivers employed by Defendants are "similarly situated" to Plaintiff because they were denied overtime pay are insufficient to establish the first requirement for conditional certification. *See Chemi*, 2006 WL 7353427, at *5.

12

Furthermore, Plaintiff alleges violations of the FLSA based on Defendants' purported failure to pay him for his last three weeks of employment—an injury which Plaintiff does not allege pertains to other similarly situated employees. (*See* ECF No. 1 at 7, ¶ 42; *see generally* ECF No. 1). The sole basis of Plaintiffs' collective action allegations is Defendants' alleged failure to pay overtime, which is but one of several claims that Plaintiff advances with respect to himself individually. Plaintiff has submitted no proofs demonstrating that any other similarly situated truck drivers employed by Defendants have asserted claims or in any way seek redress from Defendants for unpaid overtime. (*See generally* ECF No. 33-4). Thus, Plaintiff has failed to demonstrate that other similarly situated putative class members "advance similar claims," "seek substantially the same form of relief," or were subject to similar "circumstances of employment" as Plaintiff. *See Pearsall-Dineen*, 27 F. Supp. 3d at 570 ("A showing that opt-in plaintiffs bring the same claims and seek the same form of relief has been considered sufficient for conditional certification."); *see also Chemi*, 2006 WL 7353427, at *5.

Accordingly, the Court finds that Plaintiff has failed to meet his burden of demonstrating the existence of other putative class members who are similarly situated to Plaintiff and thus denies his request for conditional certification.

The Court further notes that "[a] denial at the conditional certification stage is not necessarily a final determination of whether the matter may proceed as a collective action."[5] *Halle*, 842 F.3d at 226–27. The Third Circuit permits "the issue to be revisited after discovery or efforts

---

[5] Consistent with this proposition, the Third Circuit has held that "a decision on certification of a collective action is interlocutory and therefore not immediately appealable pursuant to § 1291." *Halle*, 842 F.3d at 226–27.

13

by the named plaintiff to re-define the contours of the proposed collective action." *Id.*; *see also* 7B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1807 (3d ed. 2016) ("If conditional certification is denied, the court may allow discovery to provide plaintiffs a second opportunity to obtain sufficient evidence of a collective to warrant conditional certification and the notice to opt in.").

### C. Notice and Equitable Tolling

In light of the Court's determination that Plaintiff has failed to meet his burden at the first stage of conditional certification, the Court denies Plaintiff's request to authorize notice to potential class members. *See Chemi*, 2006 WL 7353427, at *8. As a result, Plaintiff's request to equitably toll the statute of limitations under the FLSA is moot. However, "[i]f at some later point, such a factual showing is made to the court, and the class is conditionally certified, the Court may return to this particular question."[6] *Chemi*, 2006 WL 7353427, at *8.

Accordingly, the Court denies Plaintiff's request to facilitate notice to potential class members and equitably toll the statute of limitations for his proposed FLSA action.

### V.    **CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Conditional Class Certification (ECF No. 32) is **DENIED**. An order consistent with this Opinion will be entered.

Dated: December 18, 2024

KAREN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[6] The Court further observes that while Plaintiff argues that an employer's failure to post a statutorily required notice to its employees of their FLSA rights warrants equitable tolling, Plaintiff does not expressly allege in his moving brief, reply brief, supporting affidavits, or Complaint that Defendants failed to post such a notice. (ECF No. 34 at 15-16).